UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:22-cv-14358-AMC

**LEE ZONONI**,
individually and
on behalf of all others similarly situated,         **CLASS ACTION**

    Plaintiff,                              **JURY TRIAL DEMANDED**

v.

**CHW GROUP, INC**
**d/b/a CHOICE HOME WARRANTY**,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S RENEWED MOTION TO COMPEL ARBITRATION**

Plaintiff Lee Zononi hereby responds in opposition to Defendant CHW Group, Inc. d/b/a Choice Home Warranty's Renewed Motion to Compel Arbitration ("Motion" or "Mot."), [DE 35], and states:

**INTRODUCTION**

The arbitration waiver doctrine was designed to prevent exactly what Defendant now seeks to accomplish. As the Eleventh Circuit explained:

> Careful examination of our precedent reveals that the purpose of the waiver doctrine is to prevent litigants from abusing the judicial process. Acting in a manner inconsistent with one's arbitration rights and then changing course mid-journey smacks of outcome-oriented gamesmanship played on the court and the opposing party's dime. The judicial system was not designed to accommodate a defendant who elects to forego arbitration when it believes that the outcome in litigation will be favorable to it[.]

*Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1237 (11th Cir. 2018); *see also Terris v. Sprint Corp.*, No. 8:23-cv-1033-WFJ-AAS, 2023 U.S. Dist. LEXIS 160569, at *7 (M.D. Fla. Sep. 11, 2023)

1

("Here, Connectivity evinced a clear intent to litigate prior to asserting any arbitration rights. Indeed, prior to its Notice of Joinder, Connectivity filed an exhaustive Motion to Dismiss and an Amended Motion to Dismiss.") (citing *Warrington v. Rocky Patel Premium Cigars, Inc.*, No. 22-12575, 2023 U.S. App. LEXIS 3083, 2023 WL 1818920, at *2 (11th Cir. Feb. 8, 2023) (upholding a district court's waiver ruling where actions in both state and federal court had not yet proceeded to discovery but the movant had filed a motion to dismiss in federal court); *see also Gaudreau v. My Pillow, Inc.*, No. 6:21-CV-1899-CEM-DAB, 2022 U.S. Dist. LEXIS 118524, 2022 WL 3098950, at *1, 6-8 (M.D. Fla. July 1, 2022) (finding waiver where the defendant answered a complaint, moved to strike an amended complaint, and answered the amended complaint before asserting its right to arbitrate)).

Here, Defendant filed two motions dismiss and an objection to a report and recommendation, all with the goal of obtaining (1) dismissal of Plaintiff's TCPA claims under Rule 12(b)(6) for failure to state a claim; (2) dismissal of Plaintiff's FTSA claims under Rule 12(b)(6) pursuant to various constitutionality challenges, including under the Dormant Commerce Clause, vagueness, and the First Amendment; (3) dismissal of the FTSA claims under Rule 12(b)(6) for failure to state a claim; (4) lack of standing; and (5) to strike Plaintiff's class allegations. *See* [DEs 7, 13]. Magistrate Judge McCabe summarily denied Defendant's motion in a detailed Report and Recommendation, [DE 18]. Dissatisfied with the Magistrate Judge's ruling, Defendant changed course, ***and filed the Motion the same day the R&R was issued***.

Defendant contends that the filing of a merits-based motion to dismiss did not result in waiver of its purported arbitral rights. The Eleventh Circuit disagrees:

> But here, the sewer company's motions to dismiss, as well as its arguments that amendment of the complaints would be futile and its pursuit of appeals with this Court, sought to resolve the parties' entire dispute on the merits…. In other words, had the sewer company's motions succeeded, the families would have been prohibited from pursuing their claims going forward….***Under the circumstances, the***

2

> *sewer company's pursuit of its motions to dismiss both below and on appeal represented a substantial invocation of the litigation process*.

*Davis v. White*, 795 F. App'x 764, 769 (11th Cir. 2020) (citing *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co., Inc.*, 969 F.2d 585, 589 (7th Cir. 1992) ("Submitting a case to the district court for decision is not consistent with a desire to arbitrate. A party may not normally submit a claim for resolution in one forum and then, when it is disappointed with the result in that forum, seek another forum."); *Hooper v. Advance Am.*, 589 F.3d 917 (8th Cir. 2009)) (emphasis supplied).

Ultimately, Defendant "wanted to see how the case was going in federal district court before deciding whether it would be better off there or in arbitration. It wanted to play heads I win, tails you lose." *Hooper*, 589 F.3d at 922 (quoting *Cabinetree of Wis. v. Kraftmaid Cabinetry*, 50 F.3d 388, 391 (7th Cir. 1995)). Under the totality of these circumstances, the Court should respectfully conclude that Defendant waived the right to arbitration and deny the Motion.

## ARGUMENT

### A. <u>Legal Standard</u>

"Like any other right or obligation under a contract, an agreement to arbitrate may be waived." *Warrington v Rocky Patel Premium Cigars, Inc.*, 2023 U.S. App. LEXIS 3083, 2023 WL 1818920, at *2 (11th Cir. Feb. 8, 2023) (*citing Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315 (11th Cir. 2002)). In the Eleventh Circuit, "it is presumptively for the courts to adjudicate disputes about whether a party, by earlier litigating in court, has waived the right to arbitrate." *Grigsby & Associates, Inc. v. M Securities Investment*, 664 F.3d 1350, 1353 (11th Cir. 2011).

"A party has waived its right to arbitrate if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right...." *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990). There is no set rule as to what constitutes waiver of an arbitration agreement; courts review whether a waiver has occurred on a case-by-case basis. *Warrington*, 2023

WL 1818920, at *2 (*citing Burton-Dixie Corp. v. Timothy McCarthy Constr. Co.*, 436 F.2d 405, 408 (5th Cir. 1971)). Moreover, as Defendant concedes, Mot. at 5, n.6, prejudice to the nonmoving party is no longer relevant to the issue of waiver after *Morgan v. Sundance, Inc.,* 142 S. Ct. 1708 (2022).

### B. Defendant Waived its Right to Arbitration

Recently, the Eleventh Circuit confirmed that it continues to apply the "totality of the circumstances" analysis after the Supreme Court's decision in *Morgan*. *See Warrington*, 2023 U.S. App. LEXIS 3083, at *5. As Judge Bloom concluded in *Amargos v. Verified Nutrition, LLC*, "substantial participation in the litigation" by a defendant is just "one factor in a holistic analysis of whether Defendant, through participation in this case or by any other action or inaction, waived its rights to arbitrate." No. 22-cv-22111-BLOOM/Otazo-Reyes, 2023 U.S. Dist. LEXIS 16262, at *12 (S.D. Fla. Jan. 30, 2023). In *Warrington*, the Eleventh Circuit agreed with this approach by concluding waiver even though – like here – the case was in its "beginning stages". 2023 U.S. App. LEXIS 3083, at *5, Specifically, in denying the same argument raised by Defendant here, the Eleventh Circuit held:

> Patel argues that he hasn't "substantially invoked the litigation machinery" and therefore never waived his right to arbitrate. Patel points to the district court's finding, in its order denying his motion to dismiss or remand, that both actions were in the "beginning stages" and that "discovery ha[d] yet to commence in either action" at that point.
>
> True, neither case on its own had made it very far. But viewing the facts "under the totality of the circumstances," as we must, we conclude (as the district court did) that Patel evinced a clear intent to litigate this matter prior to asserting his right to arbitrate and thus "has acted inconsistently with [his] arbitration right."

*Warrington*, 2023 U.S. App. LEXIS 3083, at *5 (quoting *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990)).

4

Accordingly, and contrary to Defendant's contention, substantial participation is simply one factor for this Court to consider in determining waiver. *And in **Davis v. White**, the Eleventh Circuit held that filing a motion to dismiss that "sought to resolve the parties' entire dispute on the merits[]" was substantial participation and reflected an intent to litigate the matter in court*. See 795 F. App'x at 769 (citing *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co., Inc.*, 969 F.2d 585, 589 (7th Cir. 1992) ("Submitting a case to the district court for decision is not consistent with a desire to arbitrate. A party may not normally submit a claim for resolution in one forum and then, when it is disappointed with the result in that forum, seek another forum.")).

In *Amargos*, Judge Bloom concurred with this approach, in other words, that litigating "any substantial merits questions before seeking arbitration[]" results in waiver. See 2023 U.S. Dist. LEXIS 16262, at *11 ("The Court also looks to a recent post-*Morgan* opinion in which the Second Circuit determined that a defendant had not waived its right to arbitrate 'not merely because there was no prejudice to [Plaintiff] but also based on its conduct because [the defendant] had not engaged in litigating any substantial merits questions before seeking arbitration.'") (quoting *Nicosia v. Amazon.com, Inc., Defendant-Appellee.*, 21-2624-CV, 2023 U.S. App. LEXIS 1259, 2023 WL 309545, at *4, n.2 (2d Cir. Jan. 19, 2023)).

The Eighth and Seventh Circuits also concur that filing a motion to dismiss that seeks to litigate merits issues results in waiver. In *Hooper*, the Eighth Circuit – almost as if written for this case – reasoned as follows in concluding that waiver had occurred due to the filing a motion to dismiss on the merits:

> Advance America's motion to dismiss was extensive and exhaustive, and substantially invoked the litigation machinery. Advance America drew the district court's attention to multiple matters of first impression, asserted Plaintiffs failed to state claims upon which relief could be granted, and encouraged the

5

> district court to resolve the parties' entire dispute in Advance America's favor.

589 F.3d 917, 921 (8th Cir. 2009) (citing *Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1092 (8th Cir. 2007) (holding a motion to dismiss for failure to state a claim, arguing the merits, substantially invoked the litigation machinery); *Kelly v. Golden*, 352 F.3d 344, 349-50 (8th Cir. 2003) (affirming district court's finding of waiver in part because the party asserting the right to arbitration had "consistently encouraged the district court to resolve the entire dispute"); *Ritzel Commc'ns, Inc. v. Mid-Am. Cellular Tel. Co.*, 989 F.2d 966, 969 (8th Cir. 1993) (stating the motion to dismiss for failure to state a claim "represent[ed] a substantial, active invocation of the litigation process" and supported a finding of waiver); *Petrol. Pipe Ams. Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 (5th Cir. 2009) ("A party waives arbitration by seeking a decision on the merits before attempting to arbitrate."); *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.*, 969 F.2d 585, 589 (7th Cir. 1992) ("Submitting a case to the district court for decision is not consistent with a desire to arbitrate.")).

Here, as in *Davis* and *Hooper*, Defendant filed two motions to dismiss that raised matters of first impression on constitutionality grounds, sought dismissal under Rule 12(b)(6) for failure to state a claim, and sought to strike Plaintiff's allegations. And Defendant continues to pursue the litigation track through its Objection to the Magistrate Judge's Report and Recommendation. *See* [DE 23]. Under these facts, and adopting the Eleventh Circuit's and Judge Bloom's holistic approach, this Court should respectfully find that Defendant has substantially participated and has reflected an intent to litigate this case in court.

Defendant's purported rule – that filing a motion to dismiss can never result in waiver, Mot. at 4 – is incorrect. For its position, Defendant relies on two cases that pre-date *Davis* and *Warrington* and are therefore no longer good law. *See* Mot. at 4 (quoting *Hicks v. Am. United Life Ins., Co.*, 2011 WL

13233202, at *11 (N.D. Ala. Jan. 19, 2011) (collecting cases); *Machado v. Labor Ready Se., Inc.,* 2015 WL 6829061, at *4 (S.D. Fla. Nov. 6, 2015)). Moreover, the courts in the cases on which Defendant relies cited other district courts for their conclusions – not binding Eleventh Circuit cases. Under Eleventh Circuit precedent, filing a motion to dismiss that seeks "to resolve the parties' entire dispute on the merits[]" – as Defendant has repeatedly done – is substantial participation and reflects an intent to litigate the matter in court. *See Davis*, 795 F. App'x at 769.

Lastly, Defendant contends that it filed multiple motions to dismiss and an objection to the R&R because, while it knew that Plaintiff had entered into an arbitration agreement because such agreements have been in its service contracts since 2015, Tretter Decl. at ¶11, it was supposedly "attempting to locate additional information relating to Plaintiff's original service contract purchase from August 2015[.]" *Id*. at ¶17. Tellingly, Defendant did not seek an extension or stay the proceedings pending the completion of its purported investigation so that it could file its arbitration motion. It charged ahead in litigation and only moved to compel arbitration ***on the day*** it lost its Motion to Dismiss.

## CONCLUSION

Defendant filed its Motion to Compel arbitration the very day the Magistrate Judge issued his Report and Recommendation denying its 20-page merits-based Motion to Dismiss. The Court should, respectfully, not tolerate Defendant's outcome-oriented gamesmanship and deny the Motion.

**WHEREFORE**, Plaintiff respectfully requests an Order denying Defendant's Motion to Compel Arbitration, and for such other relief deemed appropriate under the circumstances.

DATED: October 6, 2023

                                        Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**DAPEER LAW, P.A.**
Rachel Dapeer
Florida Bar No. 108039
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
T: 305-610-5223
*rachel@dapeer.com*