UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-14358-Cannon/McCabe

LEE ZONONI,
individually and on behalf
of all others similarly situated,

    Plaintiff,

v.

CHW GROUP, INC
d/b/a CHOICE HOME WARRANTY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON DE 35 AND DE 44

THIS CAUSE comes before the Court on Defendant's Renewed Motion to Compel Arbitration and to Dismiss or, Alternatively, to Stay Case Pending Arbitration ("Renewed Motion to Compel") (DE 35) and Defendant's Renewed Motion to Dismiss Plaintiff's First Amended Complaint ("Renewed Motion to Dismiss") (DE 44), both of which have been referred to the undersigned by United States District Judge Aileen M. Cannon (DE 46, DE 59). For the reasons set forth below, the undersigned **RECOMMENDS** that the Renewed Motion to Compel be **GRANTED**, that the case be **DISMISSED WITHOUT PREJUDICE**, and that the Renewed Motion to Dismiss be **DENIED AS MOOT**.

**I.**    **BACKGROUND**

This is a putative class action alleging text message violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059. On January 17, 2023, Defendant filed a Motion to Dismiss or, Alternatively, to Strike Class Allegations ("Original Motion to Dismiss") (DE 13), which was referred to the

undersigned (DE 16).  Although the Original Motion to Dismiss sought dismissal on substantive grounds, Defendant also dropped a footnote preserving its right to invoke arbitration agreements between the parties:

> Though it is still investigating, [Defendant] believes that Plaintiff's claims are possibly subject to a valid and binding individual arbitration agreement to the extent he had a [Defendant] policy, which contain such provisions.  [Defendant] reserves the right to move to compel arbitration at a later time.

(DE 13 at 2 n.2).

On March 7, 2023, the undersigned issued a Report and Recommendation ("R&R"), recommending that the Original Motion to Dismiss be denied in substantial part (DE 18). Following the R&R, but still on the same day, Defendant filed a Motion to Compel Arbitration ("Original Motion to Compel"), citing to a recently discovered arbitration agreement between the parties, which called for arbitration before the American Arbitration Association ("AAA") (DE 19).

Thereafter, on March 27, 2023, the District Court stayed this case due to the pendency of a case before the Eleventh Circuit, which had implications over the merits of Plaintiff's claim of Article III standing.  *See Drazen v. Pinto*, 41 F.4th 1354 (11th Cir. 2022), *reh'g en banc granted, opinion vacated*, 61 F.4th 1297, 1298 (11th Cir. 2023) (DE 24 at 2).  The court-ordered stay remained in effect until September 7, 2023, at which time the District Court lifted the stay following the en banc decision in *Drazen v. Pinto*, 74 F.4th 1336, 1339 (11th Cir. 2023) (DE 32). At that point, the District Court directed the parties to refile any unresolved motions (DE 34).

Within the time frame allotted, Defendant filed this Renewed Motion to Compel (DE 35) and this Renewed Motion to Dismiss (DE 44).  The Court will address each in turn.

## II. RENEWED MOTION TO COMPEL

The Renewed Motion to Compel once again argues that a valid arbitration agreement exists between the parties, requiring this case to proceed in AAA arbitration (DE 35). Plaintiff does not dispute the existence of the arbitration agreement or the notion that this dispute falls within the scope of the agreement. Instead, Plaintiff restricts his opposition solely to a waiver argument, namely, that Defendant knowingly and voluntarily waived its right to arbitration by electing to proceed in this forum instead (DE 43 at 4-7).

The Eleventh Circuit recently described the standard for determining whether a party has waived its right to arbitration, as follows:

> Like any other right or obligation under a contract, an agreement to arbitrate may be waived. *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315 (11th Cir. 2002). "A party has waived its right to arbitrate if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right...." *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990) (cleaned up), *abrogated on other grounds by Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022).
>
> There's no set rule as to what constitutes waiver of an arbitration agreement, so we review whether a waiver has occurred based on the facts of each case. *Burton-Dixie Corp. v. Timothy McCarthy Constr. Co.*, 436 F.2d 405, 408 (5th Cir. 1971). "A key factor in deciding this is whether a party has substantially invoked the litigation machinery prior to demanding arbitration." *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018) (cleaned up). "[T]he purpose of the waiver doctrine is to prevent litigants from abusing the judicial process." *Id.* "Acting in a manner inconsistent with one's arbitration rights and then changing course mid-journey smacks of outcome-oriented gamesmanship played on the court and the opposing party's dime." *Id.* "[T]he key ingredient in the waiver analysis is fair notice to the opposing party and the District Court of a party's arbitration rights and its intent to exercise them." *Id.*

*Warrington v. Rocky Patel Premium Cigars, Inc.*, No. 22-12575, 2023 WL 1818920, at *2 (11th Cir. Feb. 8, 2023); *see also Amargos v. Verified Nutrition, LLC*, 653 F. Supp. 3d 1269, 1275 (S.D. Fla. 2023) (noting that "the correct standard to be applied is a totality of the circumstances test that determines whether the Defendant acted inconsistently with its contractual right to arbitration").

3

Applying that standard here, and looking to the totality of the circumstances, the Court finds that Defendant did not waive its right to invoke the arbitration agreement. At the outset, Defendant's court filings repeatedly put Plaintiff (and the Court) on notice of potential arbitration agreements between the parties and Defendant's intent to invoke them, when and if they could be located. These court filings included the following:

- On November 4, 2022, in Defendant's very first court filing, a motion for extension of a deadline, Defendant dropped a footnote specifying that, by filing the motion, Defendant was not waiving its right to assert contractual obligations between the parties, including "arbitration clauses" (DE 5 at 1 n.1).

- On December 19, 2022, in another motion to extend a deadline, Defendant dropped a similar footnote, once again preserving its right to invoke arbitration clauses (DE 11 at 1 n.1).

- On January 17, 2023, in the Original Motion to Dismiss, Defendant dropped another footnote, once again preserving its right to invoke arbitration clauses (DE 13 at 2 n.1). At that time, Defendant noted that it was "still investigating," but "believes that Plaintiff's claims are possibly subject to a valid and binding individual arbitration agreement" (DE 13 at 2 n.1).

- On March 7, 2023, after apparently locating the arbitration agreement, Defendant filed the Original Motion to Compel, squarely invoking arbitration (DE 19).

- On March 7, 2023, Defendant also moved for a stay of discovery in light of the Original Motion to Compel (DE 20).

- On March 21, 2023, in filing its objections to the R&R on the Original Motion to Dismiss, Defendant noted that it filed the objections "[w]ithout prejudice to or waiving its arbitral rights, as set forth in its pending motion to compel arbitration" (DE 23 at 2 n.1). Defendant also requested that the Court "decide its pending motion to compel arbitration *first*" (DE 23 at 2 n.1) (emphasis added).

- On October 11, 2023, following the lifting of the court-ordered stay, Defendant filed the Renewed Motion to Compel, once again invoking arbitration (DE 44).

In the Court's view, Defendant's conduct shows a pattern consistent with the intent to preserve and exercise the right to invoke arbitration in a timely manner. In this regard, the age of the case is a bit misleading as approximately six months of time elapsed during the court-ordered

4

stay. During the non-stayed portion of this case, Defendant engaged in limited motion practice, comprised mainly of a handful of extension requests (DE 5, DE 11, DE 28), two versions of a motion to compel arbitration (DE 19, DE 44), and two versions of a motion to dismiss the Amended Complaint, neither of which ever reached final resolution by the District Court (DE 13, DE 44). From a procedural standpoint, this case remains in the beginning stages. *See Amargos*, 653 F. Supp. 3d at 1276 (finding no waiver where case was still "in its infancy" and defendant's participation in litigation was "not significant").

The Court has considered, but finds unpersuasive, Plaintiff's citation to *Davis v. White*, 795 F. App'x 764 (11th Cir. 2020). In *Davis*, the Eleventh Circuit affirmed a finding of waiver where a defendant waited eighteen months to file a motion to compel arbitration, only after first engaging in substantial litigation that included a motion to dismiss, discovery motions, and an unsuccessful appeal to the Eleventh Circuit. *Id.* at 769. Under such circumstances, the Eleventh Circuit agreed with the district court's conclusion that the defendant had "acted inconsistently" with its right to arbitrate. *Id.* at 768.

*Davis* does not control the outcome of this case, which has been stayed during much of the time it has been pending. Defendant has engaged in comparatively little motion practice, moreover, and has repeatedly notified the Court and Plaintiff of its intent to preserve its right to arbitrate. As to Defendant's motion to dismiss, the mere filing of a motion to dismiss does not, in all cases, result in a waiver of arbitration. *See Machado v. Labor Ready Se., Inc.*, No. 14-24234-CIV, 2015 WL 6829061, at *4 (S.D. Fla. Nov. 6, 2015) (collecting cases). Rather, courts must look to the "totality of the circumstances" to determine waiver on a case-by-case basis. *Amargos*, 653 F. Supp. 3d at 1275. Looking at the totality of the circumstances here, the Court finds no waiver.

The Court has also considered, but finds unpersuasive, Plaintiff's argument that the timing of the Original Motion to Compel demonstrates gamesmanship that should not be rewarded by the Court. Specifically, Plaintiff notes that Defendant filed the Original Motion to Compel on March 7, 2023 – the same day as the Court's R&R on Defendant's Original Motion to Dismiss (DE 18, DE 19). Plaintiff argues this timing shows that Defendant first sought to test its luck in federal court by way of the Original Motion to Dismiss, but then – on receiving a negative result – decided to flee the forum for the greener pastures of arbitration (DE 43 at 2, 7).

The Court disagrees and finds the timing coincidental. Defendant had been telegraphing its intent to invoke the arbitration clause for months prior to the Court's R&R. Moreover, the Court doubts that Defendant could have prepared and filed its Original Motion to Compel within mere hours of receiving the disappointing R&R, as Plaintiff's argument seems to surmise. To dispel any doubt on this point, Defendant has attached emails to its reply in support of this Renewed Motion to Compel, which show that Defendant gave notice to Plaintiff of its intent to file to the Original Motion to Compel the week before the Court issued the R&R (DE 48-1 at 4). The Court finds no gamesmanship. For all of these reasons, the Court recommends that the Renewed Motion to Compel be **GRANTED.**

III.     **RENEWED MOTION TO DISMISS**

The Renewed Motion to Dismiss raises numerous substantive issues as to the merits of Plaintiff's claims (DE 44). In light of the recommendations made in Section II, the Court declines to reach the merits of these issues. Rather, these issues should be reserved for AAA arbitration. As such, the Court recommends the Renewed Motion to Dismiss be **DENIED AS MOOT**.

## IV.   RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** as follows:

1. Defendant's Renewed Motion to Compel (DE 35) should be **GRANTED.**

2. This case should be **DISMISSED WITHOUT PREJUDICE**, so that the parties can pursue this dispute in AAA arbitration.

3. Defendant's Renewed Motion to Dismiss (DE 43) should be **DENIED AS MOOT.**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTUFLLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida this 16th day of November 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE